**274**

Irving Tropp, Respondent, *v.* Miriam Jacobs et al., Defendants, and Herbert C. Lindelow, Appellant.

First Department, March 1, 1948.

*Robert E. Curran* for appellant.

*Morton L. Panken* of counsel (*Harold I. Panken* with him on the brief; *D. Benjamin Mason*, attorney), for respondent.

Van Voorhis, J. The determination of this appeal depends chiefly upon whether improper statements by plaintiff's counsel to the jury at the close of the evidence and in his summation were prejudicial, so as to require setting aside plaintiff's verdict for $8,000 and the granting of a new trial. It is an action to recover damages for personal injuries from negligence in an automobile accident.

At the time of the accident the plaintiff was riding in a taxicab which had a collision with appellant's automobile. The driver and owners of the taxicab have been exonerated. Plaintiff was thrown forward so that his chest and stomach hit the partition which separates the taxicab driver from the pas-

sengers. The serious injury claimed to have been sustained by him was, according to plaintiff's physician, a fracture of the cartilage connecting his seventh rib to his breast bone. X rays do not depict cartilaginous fractures of that sort, and the doctor's opinion was based solely upon clinical examination and upon complaints of pain by the plaintiff. Plaintiff testified that he is still troubled by pains in his chest, which the doctor stated in his opinion were caused by the broken fragments rubbing against the wall of the pleural cavity and would be permanent.

The extent of plaintiff's injury being so largely dependent upon subjective symptoms of pain, and upon the clinical examination uncorroborated by X ray, a close question of fact was presented for determination by the jury. The nature and permanence of plaintiff's trouble was not so positively established as to insure that inflammatory statements by plaintiff's counsel designed to affect the verdict of the jury, did not succeed in doing so.

During plaintiff's counsel's summation, the following appears in the record:

"Mr. Curran: Your Honor, I didn't care to interrupt Mr. Panken, but I desire to state for the record that Mr. Panken saying this to the jury that ' Mr. Curran is of the opinion and he knows in his heart that the case is worth $10,000,' is an improper appeal to the jury.

"The Court: I am inclined to agree with you.

"Mr. Panken: I disagree.

"The Court: The jury will disregard any statement of counsel other than the evidence in this case and judge the case by what the facts are which were sworn to before this Court and jury."

And again:

"And finally, if it please your Honor, I very definitely object to Mr. Panken saying to the members of this jury that there are many doctors associated with my office who could have been brought here to testify and I want to observe, if it please your Honor, that he stated that three times, and because of all the foregoing I submit that there has been an improper appeal to the jury, and I respectfully move for a mistrial.

"The Court: I will deny your motion.

"Mr. Curran: May I have an exception?

"The Court: We haven't got the stenographic notes of the summation, but it is my recollection that he said nothing improper on that score, and the jury will be instructed properly

to guide itself on what it may consider in coming to a determination in this case. You may have an exception.

" Mr. Curran: May I say this, your Honor, just so there will be no mistaking of it: I don't think Mr. Panken will deny the fact that he said to this jury — statement which is not in evidence and which is not a fact — that there are doctors connected with my office who could have been brought here. That is not a fact and I submit that he said it and I don't think he will deny it.

" Mr. Panken: You won't deny that you have many doctors connected with your office?

" Mr. Curran: I definitely do deny it and I think the whole thing is improper."

The statement to the jury that defendant's counsel " is of the opinion and he knows in his heart that the case is worth $10,000 " appears to have been designed to convey the idea to members of the jury that the defendant had offered that sum in settlement, and the further statement that there are many doctors associated with and operating out of defendant's counsel's office, aside from being irrelevant and unsupported by evidence, was more than an accidental appeal to prejudice by implying that any verdict which the jury might render would be paid by an indemnity insurance company.

To the foregoing, there is added this further incident:

" Mr. Curran: Thank you, your Honor.

" I desire to state likewise in connection with the summation of Mr. Panken that his statement to the effect that Mr. Curran obstructed Mr. Tropp in saying what Dr. Weingarten said to him is also an improper statement.

" The Court: That is a deduction from the evidence which he may deduce.

" Mr. Curran: May I have an exception, your Honor? "

Thus, instead of rebuking plaintiff's counsel for making such a statement, the court instructed the jury that they might deduce that defendant's counsel had been obstructing the trial by objecting to the introduction of hearsay declarations of plaintiff's Dr. Weingarten, who did not testify as a witness. He was not in court subject to cross-examination, and it would have been error to have admitted such evidence.

Under the circumstances of this case, we are not satisfied that these occurrences were without their effect upon the jury.

The judgment appealed from should be reversed, and a new trial granted with costs to appellant to abide the event.

PECK, P. J., COHN, CALLAHAN and SHIENTAG, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order **on** notice.